**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | |
|---|---|
| **RICHARD A. JARRETT** | **CIVIL ACTION NO. 08-990-P** |
| **VERSUS** | **JUDGE STAGG** |
| **J. SCHUYLER MARVIN, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

**REPORT AND RECOMMENDATION**

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

**STATEMENT OF CLAIM**

Before the Court is a civil action filed in forma pauperis by pro se plaintiff Richard A. Jarrett ("Jarrett"), pursuant to 28 U.S.C. § 1361. This complaint was received and filed in this Court on July 3, 2008. Jarrett is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. He names J. Schuyler Marvin and the Bossier Parish District Attorney's Office as defendants.

Jarrett claims that in January 2008, he made a public records request to the Bossier Parish District Attorney's Office. He claims the requested records are relevant to his criminal conviction. He claims he has received no response to his request.

Plaintiff seeks a writ of mandamus to direct Defendants to provide him with the requested documents. Mandamus relief is available "to compel an officer or employee of the

United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  However, it is well settled that federal courts have no general power to compel action by state officials.  See Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988); Van Sickle v. Holloway, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986); Russell v. Knight, 488 F.2d 96, 97 (5th Cir. 1973); Haggard v. State of Tennessee, 421 F. 2d 1384, 1386 (6th Cir. 1970). Because Defendants are not federal officers, employees or agencies, this Court lacks jurisdiction to issue a writ of mandamus to compel them to perform an alleged duty.  See 28 U.S.C. § 1361.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar

that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and to which the aforementioned party did not object.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED,** in chambers, in Shreveport, Louisiana, this 12th day of November, 2008.

```
                    _____
                         MARK L. HORNSBY
                    UNITED STATES MAGISTRATE JUDGE
```